**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3983-17T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

GARY GILMORE,

     Defendant-Respondent.

_____

          Argued September 12, 2018 – Decided September 28, 2018

          Before Judges Sabatino and Haas.

          On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-05-0724.

          Erin M. Campbell, Assistant Prosecutor, argued the cause for appellant (Esther Suarez, Hudson County Prosecutor, attorney; Erin M. Campbell, on the brief).

          Lauren S. Michaels, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Lauren S. Michaels, of counsel and on the brief).

PER CURIAM

On leave granted, the State appeals from the trial court's orders directing the County Prosecutor's Office to execute a material witness arrest warrant upon an individual at the behest of criminal defense counsel. The State argues the court's orders improperly impose upon the Prosecutor's Office a responsibility it does not have, and violate principles of separation of powers.

For the reasons that follow, we remand for additional proceedings that may obviate the need for us to adjudicate the constitutional and other issues posed.

The limited record in this interlocutory appeal provides the following background. Defendant[1] Gary Gilmore and a co-defendant, Clifford Young, were charged in a six-count indictment with various narcotics offenses. The first five counts charged defendant with, among things, dispensing or distributing heroin to Young, N.J.S.A. 2C:35-5(a)(1) and 35-5(b)(3), and doing so within a school zone, N.J.S.A. 2C:35-7. Count six of the indictment charged Young, the alleged purchaser, with illegal possession of heroin, N.J.S.A. 2C:35-10(a)(1).

---

[1] All further references to "defendant" in this opinion shall mean Gary Gilmore.

A-3983-17T4

Following plea negotiations, Young pled guilty on October 29, 2016 to the heroin possession offense charged in count six. During his plea allocution,[2] Young apparently admitted to purchasing drugs but claimed he did not remember who had sold them to him. Young failed, however, to appear for his required pre-sentence interview. Consequently, a bench warrant has been issued for Young's arrest, although it is not the warrant at issue in the present appeal. According to counsel, Young remains a fugitive.

In February 2018, an investigator from the Public Defender's Office located Young and interviewed him by phone. According to the defense investigator's written report, Young stated he has known defendant for more than twenty years and that he did not purchase drugs from defendant on the date in question.

Thereafter, defendant's attorney moved to the trial court for a material witness order, pursuant to N.J.S.A. 2C:104-1 to -4. Defendant argued that such an order is justified in light of Young's potential exculpatory testimony that could cast a reasonable doubt upon defendant's alleged identity as the heroin seller. The State did not oppose the motion. Accordingly, the trial court issued

---

[2] We have not been furnished with a transcript of Young's plea hearing or his plea form.

A-3983-17T4

the order on March 19, 2018 directing Young to appear for a material witness hearing on March 29, 2018, noting that a failure to appear could result in the issuance of a warrant for his arrest.

Pursuant to the trial court's instructions, the Public Defender's Office attempted to serve Young with the material witness order by certified and regular mail at his last address of record. The certified letter was unclaimed by Young, but the regular mail was not returned as undeliverable.

Young failed to appear in court as required on March 29, 2018. On that date, the court issued a warrant for Young's arrest as a material witness, pursuant to N.J.S.A. 2C:104-4, directing that he "be brought immediately before [the] Court" upon service of the warrant.

At the March 29, 2018 hearing, defense counsel requested the court to direct the Prosecutor's Office to serve the material witness warrant. The Assistant Prosecutor objected to his office being instructed to do so, arguing the court lacks the authority to impose such an obligation on the Prosecutor as an Executive Branch officer. The Assistant Prosecutor suggested the court direct the County Sheriff's Office to serve the warrant on Young and, if necessary, arrest him.

The court rejected the prosecutor's arguments and directed the Prosecutor's Office to serve and execute the warrant. The Prosecutor's Office sought a stay pending appeal of the order to execute the warrant, which the court denied. This appeal ensued.

N.J.S.A. 2C:104-2, which specifies the procedures for the issuance of a material witness order, states in relevant part:

> a. The Attorney General, county prosecutor <u>or defendant in a criminal action</u> may apply to a judge of the Superior Court for an order compelling a person to appear at a material witness hearing, if there is probable cause to believe that: (1) the person has information material to the prosecution or defense of a pending indictment, accusation or complaint for a crime or a criminal investigation before a grand jury and (2) the person is unlikely to respond to a subpoena. The application <u>may be accompanied by an application for an arrest warrant</u> when there is probable cause to believe that the person will not appear at the material witness hearing unless arrested.
>
> [N.J.S.A. 2C:104-2(a) (emphasis added).]

If the witness served with the order remains uncooperative or unlikely to appear and comply, the statute provides that he or she may be arrested. This procedure is set forth in N.J.S.A. 2C:104-3 and -4:

> N.J.S.A. 2C:104-3. Order to appear.
>
> a. If there is probable cause to believe that a material witness order may issue against the person named in the

application, the judge may order the person to appear at a hearing to determine whether the person should be adjudged a material witness.

b. The order and a copy of the application <u>shall be served personally</u> upon the alleged material witness at least 48 hours before the hearing, unless the judge adjusts the time period for good cause, and shall advise the person of:

(1) the time and place of the hearing; and

(2) the right to be represented by an attorney and to have an attorney appointed if the person cannot afford one.

[(Emphasis added).]

N.J.S.A. 2C:104-4. Arrest With Warrant.

a. If there is clear and convincing evidence that the person named in the application will not be available as a witness unless immediately arrested, the judge may issue an arrest warrant. The arrest warrant shall require that <u>the person be brought before the court</u> immediately after arrest. If the arrest does not take place during regular court hours, <u>the person shall be brought</u> to the emergency-duty Superior Court judge.

b. The judge shall inform the person of:

(1)  the reason for arrest;

(2)  the time and place of the hearing to determine whether the person is a material witness; and

(3)  the right to an attorney and to have an attorney appointed if the person cannot afford one.

A-3983-17T4

c. The judge shall set conditions for release, or if there is clear and convincing evidence that the person will not be available as a witness unless confined, the judge may order the person confined until the material witness hearing which shall take place within 48 hours of the arrest.

[(Emphasis added).]

The statute, unfortunately, is silent with respect to identifying who is authorized or obligated to serve such arrest warrants on a material witness.[3] Defendant emphasizes it is undisputed the Public Defender's Office has no power to arrest anyone. He asserts he has the right under the Compulsory Process Clause of the Sixth Amendment to summon witnesses to court who may refute or weaken the State's proofs against him.

Defendant further argues, as the trial court recognized, that the Prosecutor's Office has an ethical and legal obligation to assure that justice is served in every criminal case. Given that obligation, defendant maintains the

---

[3] Section 5 of the statute, N.J.S.A. 2C:104-5, which covers the limited situations in which a material witness may be arrested by a "law enforcement officer" without a warrant, does not specify which officers possess such powers. Assuming, for the sake of discussion, Section 5 encompasses any law enforcement officer of any government agency, it does not resolve the core issue here, i.e., whether a judge has the inherent authority to direct any particular officer or law enforcement agency to make such an arrest.

Prosecutor cannot selectively decline to serve warrants on material witnesses at the request of defendants, and only serve such warrants on witnesses who are likely to be helpful to the State.

The State responds that nothing in the statute, the Court Rules, or case law[4] authorizes a judge to compel a Prosecutor to serve and execute an arrest warrant on a material witness. The State emphasizes that a Prosecutor is an officer of the Executive Branch, and as such cannot have his or her functions directed by, or his or her prerogatives interfered with, by the Judicial Branch. See N.J. Const., art. III, ¶ 1; Knight v. Margate, 86 N.J. 374, 388 (1981) (noting the separation of powers doctrine "contemplates that each branch of government

---

[4] The main case cited by defendant and discussed in the trial court's oral ruling, State v. Farquhason, 280 N.J. Super. 239 (App. Div. 1995), is not on point. In Farquhason, both federal and state officials thwarted a defendant's efforts to locate a co-defendant who was thought to be in the witness protection program. We held that under the Uniform Witness Act, N.J.S.A 2A:81-18 to -23, the prosecutor was obligated to assist defendant in locating the co-defendant, who was out of state working with federal drug agents and who the defense wished to call as a trial witness. Even so, we recognized that generally the State "does not have an obligation to obtain witnesses for a defendant in the absence of a showing that such witnesses were made unavailable through the suggestion, procurement, or negligence of the prosecutor." Id. at 243. Here, the Prosecutor has not caused Young to be unavailable for defendant's trial. Also, the situation here differs from Farquhason in that defendant has the witness's address and phone number, and its investigator has spoken to him.

will exercise fully its own powers without transgressing upon powers rightfully belonging to a cognate branch").

At oral argument on the appeal, the State further noted the Hudson County Prosecutor's limited resources and personnel. The State expressed operational concerns about diverting those resources and personnel, at the whim of defense counsel in the vicinage who may demand to have their witnesses brought to court.

The State acknowledges that defendants and their counsel lack the power to arrest potential material witnesses who may be reluctant to come to court and testify. The solution, the State suggests, is for the trial court to direct the Sheriff's Office to serve and execute the warrant on Young.

In this regard, the State cites to N.J.S.A. 40A:9-117.6, which details the powers and duties of Sheriffs. Those powers include "the duties involved in attending the courts . . . or in serving court processes . . . [.]" N.J.S.A. 40A:9-117.6 (emphasis added). That provision does not mention, however, a Sheriff's power to make arrests. Nonetheless, we recognize that Sheriff's Officers do at times arrest persons with outstanding bench warrants, particularly when such persons are in the environs of a courthouse. See also Morillo v. Torres, 222 N.J. 104 (2015) (discussing the functions of a Sheriff's Officer in arresting a person

9

on a child support enforcement warrant); State v. Vanderveer, 285 N.J. Super. 475, 476-477 (App. Div. 1995). We take judicial notice of these practices. See N.J.R.E. 201. Even so, the custom begs the question of whether a judge can order the Sheriff to serve a material witness order and take that witness into custody.[5] The trial judge in this case believed she lacked the authority to do so, although she did not have the benefit of the additional research and briefing supplied on this appeal.

We decline to resolve these weighty constitutional and institutional issues in the present context of this case. As our Supreme Court has recognized, courts "strive to avoid reaching constitutional questions unless required to do so." Comm. to Recall Robert Menendez for the Office of U.S. Senator v. Wells, 204 N.J. 79, 95 (2010) (citations omitted). We "'should not reach a constitutional question unless its resolution is imperative to the disposition of litigation.'" Ibid. (quoting Randolph Twp. Ctr., L.P. v. Cnty. of Morris, 186 N.J. 78, 80 (2006)). Nor should we adjudicate here the contours of the powers of a Prosecutor and a

---

[5] See also N.J.S.A. 2B:6-3(a) which provides in pertinent part that the Sheriff "shall be responsible for service, or execution and return process, orders, warrants and judgments directed to the [S]heriff . . . [,]" and N.J.S.A. 2A:154-3 (empowering Sheriff's officers "to act as officers for the detection, apprehension, arrest and conviction of offenders against the law."). Neither provision specifically mentions arrest warrants for material witnesses.

County Sheriff (the latter not even being a participant in this appeal) if a collaborative process could spare the necessity of reaching such novel and momentous legal issues.

Guided by these jurisprudential concerns, we remand this matter to the trial court to see if collaborative action might render the present controversy moot. In particular, we suggest the trial court make a request of the County Sheriff to execute the material witness warrant upon Young and bring him to the court. We need not decide here whether the Sheriff has the right to decline that request, although we have no basis in the present record to presume the Sheriff would refuse it. We also need not decide here whether the court can direct the Sheriff, who is also in the Executive Branch, to arrest Young, just as it has directed the Prosecutor. Our hope is that by exhausting this possibility, the constitutional showdown can be avoided. In the meantime, the court's orders directing the Prosecutor to serve and arrest Young are temporarily stayed, pending possible action by the Sheriff. If the Sheriff does not successfully execute the warrant, the trial court[6] may consider ending the stay and reviving

---

[6] The remand should be assigned to a different judge, since the judge who previously handled this case is now presiding in a different division.

A-3983-17T4

its orders directed to the Prosecutor. We urge these steps be pursued expeditiously, since defendant is confined and awaiting trial.

Remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3983-17T4